**Vernon Lee BABCOCK, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44380.**

Court of Criminal Appeals of Texas.

Dec. 14, 1971.

---

C. C. Divine, Houston, for appellant.

Jules V. Damiani, Jr., Dist. Atty., M. Bruce Fort, Asst. Dist. Atty., Galveston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction of burglary with the intent to commit theft; the punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., twelve years.

The record reflects that White's Store, No. 80, in Texas City, was broken into on

December 16, 1969, and an inventory following the burglary reflected 103 guns were missing from the store.

The appellant's confession, dated "1–22–70", was introduced into evidence. It recited that appellant, along with persons named Leon and Brenda, gained entry into the White's Store by placing a bar under the garage door, prying it up to allow appellant to slide underneath, and let the others in the other door by inserting a screwdriver in the padlock and forcing it open. The confession further recites how they gained entry into the portion of the building containing the guns, the cutting of the wire locks on the guns in the racks by appellant, the breaking into and removal of rifles from a wire cage, the opening of the sliding door to the building to allow Leon to drive his truck into the building in order that they might load the guns in the truck. The confession also recited that Brenda, Leon and appellant left in the truck with the guns, traveled down "13th going west" to the first stop light where appellant got out and picked up his own car and went home after a stop at a lounge. Appellant's confession further stated that after two days of haggling with Leon, he received $1,600 (for his interest in the guns).

The appellant contends that the warning clause in the confession is insufficient in that it provides: "and that any statement made by me may be used in evidence against me at my trial." It is contended that the confession must adhere to Article 38.22, Vernon's Ann.C.C.P., as passed by the Legislature in 1965, where it provides: " * * * that any statement made by him may be used in evidence against him on his trial for the offense concerning which the confession is therein made."

■ We find the portion of the warning complained of to be in compliance with Article 38.22, V.A.C.C.P., as amended by the 60th Legislature in 1967. See Hancock v. State, Tex.Cr.App., 462 S.W.2d 36, where a warning was approved which contained:

"that any statements he made might and probably would be introduced against him."

Art. 38.22, V.A.C.C.P., (as amended in 1967), only requires a statement to be witnessed when the defendant is unable to write his name. We reject appellant's complaint that the statement was not witnessed.

Appellant contends that he was not taken before a magistrate as pertains to the case before the court as required by Articles 15.17 and 38.22, V.A.C.C.P. The record reflects appellant was arrested on a Harris County burglary warrant in Texas City, January 20, 1970, at 4:30 P.M., and was taken before a magistrate in Texas City, at 4:45 P.M. Harris County officers took appellant to Houston the same day, where he remained in the Harris County Jail until 7:00 P.M., on January 22, 1970, when he was released to Texas City police officers who were investigating the White's Store burglary. It is at this juncture that appellant contends he should have been taken before a magistrate, and that the warning given him by the magistrate, in Texas City, is only applicable to the Harris County offense. In Sanchez v. State, Tex.Cr.App., 454 S.W. 2d 210, where the appellant therein had been informed he was arrested for burglary, attempted murder, and investigation of assault with intent to murder, complained that he was not warned that he was suspected of offense of murder with malice aforethought, and that death could be possible punishment, this court rejected appellant's contention and cited Elliott v. State, 444 S.W.2d 914, where this court said, "The fact that appellant was informed that he had been accused of the offense of 'attempted kidnapping and attempted rape' rather than 'the offense he was to be charged with committing,' did not render the confession inadmissible."

■ The lapse of two days between the warning of the magistrate and the confession does not render the confession inadmissible. See Charles v. State, Tex.Cr.App., 424 S.W.2d 909.

We reject appellant's contention that the failure to take appellant before a magistrate when Texas City officers picked him up at the Harris County jail rendered the confession inadmissible.

Appellant contends that his confession was coerced. He testified that the statement was not true, and he was forced to sign it as a result of two Texas Rangers and a Texas City police officer beating him. Officer Oliver, of the Texas City Police Department, testified that appellant was not threatened or abused. Texas Ranger Jerry Clements testified that he met the Texas City police officers at the Harris County jail, and stated that he did not hit appellant, nor did he observe anybody else abuse him, and that appellant was not promised anything or placed under duress to confess. Officer Saragoza, of the Texas City Police Department, testified he gave appellant the statutory warning from his blue card, when he took appellant into custody at the Harris County jail at 7:10 P.M., and again at about 8:00 P.M., when he read him the warning at the beginning of the statement form attached to appellant's handwritten confession; that he was in the room when appellant wrote out his confession, and that he was not promised anything, nor was he abused or placed under any duress.

The trial court, prior to admitting the confession, had a hearing on its voluntariness in the absence of the jury and entered its findings into the record. The trial court found, beyond a reasonable doubt, that the confession was voluntarily made and executed, and should be permitted to go before the jury. The trial court instructed the jury on voluntariness of the confession. We find the trial court properly followed the requirements of Section (a) 2, of Article 38.22, V.A.C.C.P. See Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; Lopez v. State, Tex.Cr.App., 384 S.W.2d 345.

We reject appellant's contention that the confession was inadmissible because it was coerced.

Appellant contends that his extrajudicial confession does not warrant a conviction unless it is corroborated by other evidence establishing the substantive facts of the crime, and without such proof, theft was the greatest offense possible under the evidence of this case.

The manager of White's Store, No. 80, Kenneth B. Clements, testified that he closed the store on the night of December 16, 1969, at which time he checked to see that doors and windows were locked and the building was secure, and upon entering the store the next morning, he noticed guns were gone from the gun rack; that the door from the service department had been pried open, and in the service department, one of the overhead doors had been twisted, and on the other door, "the lock had been cut off a bit, where it could have been knocked open." Apparently, appellant is contending that there is no showing of entering from outer doors or windows. We do not deem it necessary for such proof to be made since there is testimony that doors had been forced open in the store. In Davidson v. State, 86 Tex.Cr.R. 243, 216 S.W. 624, this court held that burglary may be committed by entering a room which is closed, although the outer doors of the house are open.

Appellant contends that the trial court erred in finding that the appellant was the same person previously convicted in the enhancement portion. Officer Saragoza was qualified as being able to compare fingerprints and testified that the fingerprints accompanying the authenticated prison record relating to appellant's prior conviction were same as fingerprints recently taken from appellant in this burglary prosecution. This court approved the method used herein in Jackson v. State, 449 S.W.2d 279, saying, "This method of proof for establishing as a historical fact the prior convictions alleged has been consistently approved by this Court."

Appellant contends that the State failed to prove that this offense occurred after the conviction in Cause No. 29,756,

used for enhancement, became final. The certified copy of the judgment and sentence reflects that the judgment was rendered and the sentence was pronounced on the 1st day of December, 1964. There is nothing in the sentence, or any part of the record, offered by the State in Cause No. 29,756, to show that appellant or his counsel gave notice of appeal. Thus, there was no burden on the State to negate appeal of this case. See Le Fors v. State, 161 Tex. Cr.R. 544, 278 S.W.2d 837. We reject appellant's contention that the State failed to prove that this offense occurred after the conviction used for enhancement became final.

Contrary to appellant's last contention, we conclude that the evidence is sufficient to support the conviction.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.