**Albert WILLIAMS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45033.**

Court of Criminal Appeals of Texas.

March 1, 1972.

John F. Simmons, Dallas, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for burglary with the intent to commit the offense of theft.

Two prior convictions for the offense of burglary were alleged for the purpose of enhancement of punishment under the provisions of Article 63, Vernon's Ann.P.C. The punishment, life imprisonment.

The sufficiency of the evidence is not challenged.

 The appellant's first ground of error as stated by him is "The trial court erred in certifying this cause for appeal in that the entry on the docket sheet by the trial court and the testimony elicited in open court conflicts with the final judgment entered herein."

The record reflects that the appellant entered a plea of guilty before a jury.

The appellant, in his argument under this ground of error, directs our attention to the judgment which he says shows that the appellant entered a plea of *"not guilty."* A careful inspection of the judgment reveals that the appellant is in error. The judgment does, in fact, show that the appellant did *"plead guilty."*

It appears that the docket sheet which is included in the record originally read that the appellant entered a plea of not guilty. Before the record was transmitted to this court the trial court held a hearing at which the appellant and his counsel were present and entered an order correcting the docket sheet to show that the appellant entered a plea of guilty.

The case of Gilmore v. State, 37 Tex. Cr.R. 178, 39 S.W. 105 (1897) and the other cases cited by the appellant are not applicable to this case. They hold that the judgment shall contain the plea of the defendant. The judgment in this case does show that the appellant entered a plea of guilty.

The first ground of error is overruled.

 Appellant's second ground of error as stated by him is "The trial court erred in submitting a charge to the jury regarding the enhancement feature of the indictment that was confusing and detrimental to appellant." This ground of error is not stated with sufficient specificity for us to consider under the provisions of Article 40.09, Section 9, Vernon's Ann.C. C.P. In any event, no objections were made to the court's charge and no requested charges appear in the record. The requirements of Articles 36.14 and 36.15, V. A.C.C.P. were not met and no error is shown. See Elmo v. State, Tex.Cr.App., 476 S.W.2d 296 (1972) and Linebarger v. State, 469 S.W.2d 165 (Tex.Cr.App.1971).

The judgment is affirmed.

Opinion approved by the Court.