**Ralph Earl JONES and Robert William Jefferson, Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 46590.**

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

Rehearing Denied Nov. 14, 1973.

Ray Stevens, Houston, for Ralph Earl Jones.

Kenneth L. Sanders, Houston, for Robert Wm. Jefferson.

Carol Vance, Dist. Atty, James C. Brough, and Jack Bodiford, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellants Earl Jones and Robert William Jefferson, along with two other men,

were jointly charged by indictment with robbery by assault of Melba Bywaters. Severance was granted as to the other two defendants, and Jones and Jefferson went to trial. The court charged the jury on the law of principals. Both of these appellants were convicted, and both were assessed a punishment of 50 years.

The record discloses that between 8:00 and 8:30 o'clock on the morning of October 27, 1969, Mrs. Melba Bywaters, employee of the No. 93 Weingarten store in Houston, was robbed by four men before the store was open for business. Mrs. Melba Bywaters was courtesy booth manager at her booth in the store, and had complete care, custody, and control of the money in that booth. At least three of the robbers had and exhibited pistols. Appellant Jones was positively identified by a number of the employee eyewitnesses as one of the men who used a pistol in the robbery of Mrs. Bywaters, and forced her to take money out of her safe in her booth and put it in a bag. Several of the witnesses did not identify appellant Jefferson; however, the witness Bywaters was certain in her identification of Jefferson as the one who helped gather up the money, place it in a grocery shopping basket, and go to the back of the store with the others as they were leaving. Mrs. Edna Wolfe, another of the employees, also saw Jefferson "cramming" the stolen money into one of the store's large mail bags while two of the other robbers were holding guns on her and other employees. Due to the quantity and weight of the money (much of it was in coins) it was loaded on a grocery cart and wheeled out the back of the store. As they were leaving, Mrs. Wolfe heard two shots fired in the rear of the building. Witness Stanley identified Jones, but did not definitely recognize Jefferson, though he thought Jefferson looked familiar. Stanley estimated the amount of money taken at $12,000.00.

Three of the robbers were arrested together on November 12, 1969. Two guns were found in the car with them, and were identified as the guns used in the robbery. Jefferson was arrested in his home a week later.

Although appellants were tried jointly, each has appealed separately, with one record and under one file number in this Court. They are represented by different counsel, who have filed separate briefs with separate grounds of error.

## APPEAL OF RALPH EARL JONES

Appellant Jones' sole ground of error reads as follows:

"At the penalty stage of the proceeding, the State offered and had admitted into evidence before the jury, certified copies of a judgment and sentence of a ten (10) year probated conviction of Ralph Earl Jones. Such offer was made over the timely objection that there was no evidence to show that the appellant was the one and the same person so previously convicted."

At the punishment stage the State sought to introduce in evidence, as a part of the criminal record of appellant, the court proceedings in Cause No. 124,228, The State of Texas v. Ralph Earl Jones, in the 179th District Court of Harris County, wherein one Ralph Earl Jones was convicted of felony theft, and received a ten year probated sentence. See Article 37.07, Section 3(a), Vernon's Ann.C.C.P.

The State first placed on the stand Deputy Sheriff Don Chatham, fingerprints classification officer of the Harris County Sheriff's Office. A few minutes before taking the stand Chatham had taken the fingerprints of appellant, Ralph Earl Jones. Chatham testified that he had under his care, control and custody certain official incarceration records of the Harris County Sheriff's Department. He identified a card offered in evidence as *State's Exhibit 5-a* as an original jail card taken from the official jail records in his care, custody and control, made up when the named person was incarcerated in the county jail.

The exhibit showed that one Ralph Earl Jones was placed in jail November 15, 1969, contains the notation "124,228, Bond set at $5000.00 11–17–69; Judge Dan E. Walton" and the additional notation "Offense—Mot.Rev.Prob., Date 6–17–69, No. 124,228, Bond—$5,000.00, Sent.D.C., Up Out-Bond Disp. 11–22–69." Chatham testified that the card showed that Jones' incarceration was due to his arrest on a motion to revoke probation filed in Cause No. 124,228. The card reflects that the motion to revoke was filed on June 17, 1969, that the defendant was arrested and placed in jail November 15, 1969, and that he was released from custody on bond November 22, 1969.

The card, Exhibit 5–a, contained fingerprints, one being a commitment print and the other a release print. Chatham, who qualified as a fingerprint expert, compared these prints with those he had taken of appellant Jones at the trial, and testified that they were made by the same person, appellant Ralph Earl Jones.

Deputy District Clerk Wayne Bowling testified that he had the care, custody and control of official records of the Harris County District Clerk. He identified State's Exhibit No. 10–a as the indictment in Cause No. 124,228, in which one Ralph Earl Jones was charged with felony theft, occurring on or about November 27, 1966. He also identified State's Exhibit 11–a as the judgment in Cause No. 124,228, showing a conviction of Jones on June 12, 1967, with a punishment of 10 years, probated. The docket sheet in Cause No. 124,228, being State's Exhibit No. 12–a, reflects that on January 30, 1967, the case was transferred to the 179th District Court, and that Ralph Earl Jones was convicted of felony theft in that court on June 12, 1967, with punishment assessed at 10 years probated. It also shows the filing of a motion to re-voke probation on June 17, 1969, and Jones' bond being set at $5000.00 on November 17, 1969.

Appellant's objections to the introduction of the jail card, Exhibit No. 5–a, that it was hearsay and not admissible under the business records statute were overruled, and the exhibit was admitted in evidence.

In addition to the above recited evidence, Jack Bodiford, the prosecuting attorney in the instant case, testified that, although he was not the prosecutor in Cause No. 124,228, he was acquainted with trial of that cause,[1] and knew that appellant was the same person as the defendant there. In the absence of the jury, Bodiford testified that "I have seen him [appellant] in 124,228, in connection with this Motion to Revoke Probation, which he was represented by you[2] as his lawyer. When he was represented by you before this court and represented himself to be Ralph Earl Jones." Appellant objected to the admission in evidence of Bodiford's testimony on the ground that his identification was speculative and not based on personal knowledge. The objection was overruled, and, in the jury's presence, Bodiford testified substantially as he did before the court. He testified, in part, as follows:

"MR. BODIFORD: Yes, sir. And I will testify this is the same Ralph Earl Jones that is set out in a Motion to Revoke his probation filed by me as the Assistant District Attorney in this court, signed by Judge Sam Davis. And the Motion to Revoke Probation is still pending in connection with that cause.

"I can testify I have seen him on many occasions. He appeared in this courtroom in response to 124,228. I can assure you without any mistake he is the man."

Bodiford was not cross-examined.

---

1. He testified he was the prosecutor who filed the application to revoke Jones' probation.

2. Referring to Mr. Stevens, appellant's lawyer at the instant trial.

We quote from Cain v. State, Tex.Cr. App., 468 S.W.2d 856, as follows:

"This Court has approved several different means to prove the accused was the same person previously convicted. They include, but are not necessarily limited to: (1) Testimony of a witness who identifies the accused as the same person previously convicted. Garcia v. State, 135 Tex.Cr.R. 667, 122 S.W.2d 631; Brumfield v. State, Tex.Cr.App., 445 S. W.2d 732; (2) Introduction of certified copies of the judgment and sentence and records of the Texas Department of Corrections or a county jail including fingerprints of the defendant, supported by expert testimony identifying them as identical with known prints of the defendant. Vessels v. State, Tex.Cr.App., 432 S.W.2d 108; (3) And by stipulation or judicial admission of the defendant. Brumfield v. State, supra."

Appellant, in his brief, agrees that "the incarceration record which had a notation of 124,228, Motion to Revoke, certainly was connected with the appellant by fingerprints." He contends, however, that there was no other connection with appellant and the instruments introduced as State's Exhibit Nos. 10-a and 11-a (the indictment and judgment in Cause No. 124,228). He argues that there was no attempt to identify the fingerprints of Ralph Earl Jones with that cause number other than the incarceration record where the entry was made at the time of arrest on the motion to revoke probation.

■ Exhibit No. 5-a, the incarceration record, was an official record of the sheriff's department, testified to by the custodian of such records. The reliability of this exhibit was shown by the testimony of Deputy Sheriff Chatham, and by the notations in the docket sheet, Exhibit 12-a. It was identified as the record of appellant by the testimony of Chatham comparing the fingerprints on Exhibit No. 5-a with known prints of appellant. Gibson v. State, Tex.Cr.App., 434 S.W.2d 851; An-

drews v. State, Tex.Cr.App., 436 S.W.2d 546; Emerson v. State, Tex.Cr.App., 476 S.W.2d 686. It was not necessary for Chatham to have made the prints for him to authenticate it. Art. 3731a, Vernon's Ann.Tex.Civ.St.; Coulter v. State, Tex. Cr.App., 494 S.W.2d 876, and cases cited.

Chatham further testified that the dates the fingerprints were put on the card are noted above the prints—the commitment print on November 15, 1969, and the release print on November 22, 1969.

■ The jail record shows the number of the case for which appellant was incarcerated as No. 124,228. The indictment, judgment and docket sheet in Cause No. 124,228 were introduced in evidence, being authenticated by Deputy District Clerk Bowling.

The docket sheet shows the filing of a motion to revoke probation on June 17, 1969, the same date as stated for such filing in Exhibit 5-a. It shows, as does the jail record, that bond was set at $5000.00 on November 17, 1969. We find that State's Exhibit 5-a meets the requirements of Arts. 3731a, V.A.T.Civ.S. and 3737e, V. A.T.Civ.S., and that the court properly admitted it in evidence. Babcock v. State, Tex.Cr.App., 473 S.W.2d 941; Jackson v. State, Tex.Cr.App., 449 S.W.2d 279. The State's evidence was sufficient to identify appellant as the defendant who was convicted in Cause No. 124,228, Criminal District Court of Harris County.

■ We find, further, that the testimony of Bodiford, the Assistant District Attorney, was independently sufficient to prove that appellant was the defendant convicted in Cause No. 124,228.

Appellant Jones' ground of error is overruled.

## APPEAL OF ROBERT WILLIAM JEFFERSON

■ Appellant Jefferson, in his first ground of error, contends that the evidence

is insufficient to support the verdict of his guilt. There were six eyewitnesses who testified in the trial, and each testified as to some aspect of the robbery. The evidence reflects that at different phases of the offense witnesses and robbers were in different parts of the store, and the fact that some of the witnesses failed to identify this appellant does not indicate that he was not present participating in the robbery. Two witnesses who were in the courtesy booth where the money was taken positively identified appellant Jefferson as placing the money in a mail bag, putting it in a grocery cart, and leaving with the other three through the back door. The court charged the jury on the law of principals. It is true that mere presence at the scene of the crime does not constitute one a principal as contended by appellant. However, presence is a circumstance tending to prove that a person is a principal, and, taken with other facts, may be sufficient to show that he was a participant. Childress v. State, Tex.Cr.App., 465 S.W.2d 947. The positive identification of appellant Jefferson as one of the participants in the robbery is sufficient to support his conviction. Williams v. State, Tex.Cr.App., 461 S.W. 2d 614; Price v. State, Tex.Cr.App., 449 S.W.2d 73; Moore v. State, Tex.Cr.App., 446 S.W.2d 877.

In his second ground of error and the discussion thereunder, appellant Jefferson complains of evidence of prior convictions admitted at the punishment stage. Appellant's complaint is that the records of the convictions "were merely cumulative, and served no legal or useful purpose except to inflame and prejudice the jury against this appellant."

After a finding of guilty, evidence may be offered at the punishment stage by the State and the defendant as to the prior criminal record of the defendant, his general reputation, and his character. Article 37.07, Sec. 3(a), V.A.C.C.P. The State, in proving the criminal record of this appellant followed the same procedure as in the case against appellant Jones.[3] Official jail records of one Robert William Jefferson were authenticated by Deputy Sheriff Chatham, the custodian of such records. Fingerprints on such official records were compared with known prints of appellant Jefferson, and Chatham, a fingerprint expert, testified they were prints of the same person. Court records of the cases corresponding with the jail records were admitted in evidence authenticated by the clerk having custody and control, showing final convictions of misdemeanor cases.

■ Prior convictions as a part of his criminal record are admissible if it is proved that the conviction is of the accused on trial. Haynes v. State, Tex.Cr. App., 468 S.W.2d 375.

The identity may be established by the use of official jail records and fingerprint testimony. Cain v. State, Tex.Cr.App., 468 S.W.2d 856, supra.

In the instant case, the above noted evidence was admissible to prove that the appellant was the same person whose fingerprints appeared on the jail records and was the same one as the defendant in the judgments in evidence. Simmons v. State, Tex.Cr.App., 457 S.W.2d 284.

Appellant's second ground of error is overruled.

Appellant's third ground of error reads:

"Conduct of the District Attorney was prejudicial."

■ This ground is not stated with sufficient specificity for us to consider under the provisions of Article 40.09, Section 9, V. A.C.C.P. Williams v. State, Tex.Cr.App., 476 S.W.2d 698; Minor v. State, 469 S. W.2d 579; Alexander v. State, Tex.Cr. App., 476 S.W.2d 10. Appellant Jefferson made no objections of prejudice at the trial to any conduct of the prosecuting attorney, thus preserving no error for us to review.

3. Except there was no witness who identified appellant as the same person previously convicted.

Montoya v. State, Tex.Cr.App., 464 S.W.2d 853; Jones v. State, Tex.Cr.App., 471 S.W.2d 413.

Furthermore, appellant's brief in its brief discussion under this ground does not specify how the conduct was prejudicial, and thus shows no error.

The third ground of error is overruled.

The judgments against both appellants are affirmed.

Opinion approved by the Court.