**Joe CORONADO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48118.**

Court of Criminal Appeals of Texas.

April 24, 1974.

Mary B. Edwards, Houston, for appellant.

Carol S. Vance, Dist. Atty., Ted Poe and Bert Graham, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for felony theft. The court assessed punishment, enhanced under Article 62, V.A.P.C., at ten years.

Appellant first challenges the sufficiency of the evidence to support the conviction.

The record discloses that the complaining witness, Jessie Montemayor, had been working on his automobile in the front yard of his home in Houston on the afternoon of October 1, 1972. When he fin-

ished, he placed his tools in two toolboxes, placed them on his front porch and went inside the house.

Martha Perez testified that she and her cousin, Rosa Anita de la Cerda, were standing in front of her home, directly across the street from the Montemayor home, when they noticed a black and gray Buick Riviera drive down the street. A short time later, the Buick returned and drove more slowly past the Montemayor house. Within another three minutes, the Buick reappeared and parked at the opposite corner of a nearby intersection, some sixty feet from the Montemayor house. Mrs. Perez positively identified appellant, whom she knew, as the driver of the Buick.

Mrs. Perez further stated that an unknown man got out of the Buick, walked down the street and up onto the Montemayor porch. He then picked up the two toolboxes, walked hurriedly back to the Buick, and placed the boxes inside. The two men then drove off.

Mrs. Perez stated that, although her attention was centered on the man who took the toolboxes, she noticed that the automobile was parked pointing away from the Montemayor house and that appellant never appeared to glance in any direction but straight ahead. She stated he did not appear to be nervous or apprehensive. Appellant did, however, "stare" at his passenger when he returned to the automobile with the tools and got in. Mrs. de la Cerda testified to essentially the same facts.

Appellant did not testify. The jury was charged on the law of principals. Appellant contends that the State produced no evidence of any wrongful intent on his part to take the tools.

■ Specific intent to commit theft can be inferred from the surrounding circumstances. Hawkins v. State, Tex.Cr. App., 467 S.W.2d 465. While mere presence at the scene of the commission of an offense will not constitute one a principal,

it is a circumstance tending to prove that a person is a principal, and, taken with other facts, may be sufficient to show that he was a participant. Childress v. State, Tex.Cr.App., 465 S.W.2d 947; Jones v. State, Tex.Cr.App., 500 S.W.2d 661. We hold that the facts of this case are sufficient to support the jury's determination of guilt.

■ Appellant next contends that there is insufficient evidence to show the value of the items taken as exceeding $50. The indictment charged the appellant with taking "one tool box and assorted tools;" the proof showed the taking of two toolboxes and assorted tools. Montemayor valued the tools at the time of the offense at approximately one-half of the original purchase price, or a total value of over $300.

It is axiomatic that a conviction cannot be had for property not alleged to be stolen. Ballinger v. State, Tex.Cr.App., 481 S.W.2d 421. The proof showed each toolbox to be worth $10 and that each contained at least $52.50 worth of wrenches. We therefore hold that the evidence is sufficient to support a conviction for felony theft, as alleged in the indictment.

■ Third, appellant contends that the trial court erred in refusing to admit the testimony of defense witness Titus B. Edwards, appellant's co-counsel. Appellant sought his testimony concerning a certain conversation he had with one Juan Pedro Romero. Romero had been identified by Mrs. de la Cerda as the man who took the toolboxes from the porch. Romero was called to the stand out of the presence of the jury but refused to testify, invoking his privilege against self-incrimination. Appellant then called Edwards and attempted to elicit from him the substance of the conversation between the two men. The State's repeated objections to such testimony were sustained, whereupon the following occurred:

"MRS. EDWARDS (counsel for appellant): No further questions.

"THE COURT: Does that conclude your proffer, or do you have any further evidence on the proffer?

"MRS. EDWARDS: No further evidence on the proffer. May I have a minute, your Honor?

"THE COURT: Yes, ma'am.

"MRS. EDWARDS: I would like to have the jury brought back now, if it please the Court.

"THE COURT: First, before we do, is there any objection to the proffer testimony by the State being presented to the jury?

"MR. GRAHAM: Yes, your Honor.

"THE COURT: Do you want to present this testimony to the jury?

"MRS. EDWARDS: No. It has no value. No weight.

"THE COURT: You do not offer it to the jury?

"MRS. EDWARDS: No.

"THE COURT: All right, there is nothing for the Court to rule on."

Nowhere in the record is there any showing by appellant as to what the testimony of Edwards would have been. Without such a showing nothing is presented for review. East v. State, Tex.Cr.App., 420 S.W.2d 414; Mabry v. State, Tex.Cr. App., 492 S.W.2d 951.

 Appellant finally contends that the trial court erred in failing to rule on the admissibility of certain fingerprint evidence used to prove appellant's prior conviction for enhancement purposes.

At the hearing on punishment, it was shown that appellant's known fingerprints matched those contained on three "jail cards" marked State's Exhibits 1, 2, and 3. The State also elicited testimony that the jail cards contained information to four prior indictments against appellant. However, the jail cards were never offered in evidence and the State proved appellant's prior felony theft conviction by other means.

At no time did appellant object to the State's use of the jail cards. Absent an objection, error, if any, was waived and nothing is presented for review by this Court. Anderson v. State, Tex.Cr.App., 486 S.W.2d 569; Pitts v. State, Tex.Cr. App., 478 S.W.2d 555.

There being no reversible error, the judgment is affirmed.