Douglas DANIEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 56063.

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 21, 1979.

Rehearing Denied Sept. 19, 1979.

Roy L. Merrill, Jr., Marc H. Richman, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Steve Wilensky and Winfield W. Scott, Asst. Dist. Attys., Dallas, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

This is an appeal from a conviction for murder pursuant to V.T.C.A., Penal Code Section 19.02(a)(1). The jury assessed appellant's punishment at twenty years in the Texas Department of Corrections.

Appellant raises twenty-nine grounds of error, among which he asserts the trial court erred in admitting at the penalty

phase, over timely objection, indicia of a 1972 Louisiana conviction as "evidence of [his] prior criminal record"[1] when there was no independent identification of appellant as the person convicted in Louisiana.

At the punishment phase, the State was prepared to offer as State's Exhibit No. 41 an authenticated certified copy from the records of the Recorder of Caddo Parish, Louisiana, of the information filed in Cause No. 92,803, which purported to charge appellant with the offense of theft of property over the value of $500.00. Included in the exhibit was a document entitled "Minutes of the Court" which recited:

"Shreveport, Louisiana, Friday, September 22, 1972. Court met this day pursuant to adjournment, His Honors Judges John F. Fant, C. J. Bolin, Jr., and James R. Alexander, presiding. The reading of the Minutes was dispensed with and the following proceedings were had, to-wit:

BEFORE JUDGE C. J. BOLIN, JR.

92,803 State of Louisiana vs. Neil Douglas Daniel

THEFT

The accused, being present with his counsel, Joseph F. Giglio, was arraigned and pled guilty to Theft of a value in excess of $100.00 and less than $500.00, which plea was accepted by the State. Before accepting the plea of guilty the Court inquired of the defendant if he understood that by entering a plea of guilty he was waiving his right to trial by jury, waiving his rights against compulsory self-incrimination and waiving the right to be confronted by the witnesses against him. The defendant replied affirmatively. The District Attorney made a statement of the facts and then con-

firmed their correctness. The Court then inquired of the defendant if he was aware of the nature of the charge and the maximum possible penalty therefor and whether the plea of guilty was freely and voluntarily made. The defendant again replied affirmatively. Whereupon, the Court accepted the defendants plea of guilty to Theft of a value in excess of $100.00 and less than $500.00.[2] Whereupon, he was sentenced to pay a fine of $200.00 and costs or, in default thereof, to serve 30 days in jail, and in addition to serve six (6) months in jail. The Court ordered that the balance of the six (6) months jail sentence be suspended and defendant be placed on supervised probation for a period of twenty-four (24) months and that he be given credit for the time served from August 11, 1972 to August 31, 1972. The proceedings had in this case this day were recorded by the Court Reporter."

In order to identify appellant as the person convicted of theft on September 22, 1972 in Louisiana Cause No. 92,803, the State called Dallas County Deputy Sheriff James Cron, a fingerprint expert. Deputy Cron testified that he was a custodian of the records maintained by the Dallas County Sheriff's Office, including those of the County Identification Bureau. Cron explained that it is the normal course of business in "booking-in" jail inmates for the Sheriff's Office to preserve on a "jail card" the name and brief description of the person, the charge against him and "any number pertaining to that charge." Thereafter, the jail card goes to the Identification Bureau where the person's right index fingerprint is placed on the card. When the person is released from jail, another right index fingerprint is placed on the card "to

---

1. V.A.C.C.P., Art. 37.07 Sec. 3(a) provides:
 "Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the *prior criminal record* of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a pro-

bated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged." [Emphasis supplied]

2. Apparently, the defendant in Louisiana Cause No. 92,803 entered a plea of guilty to a lesser offense than the one charged by information.

assure that the same person that entered the jail is the same person that left."[3]

Cron identified State's Exhibit No. 45 as being a jail card which reflected that Neil Douglas Daniel had been booked into the Dallas County Jail on January 12, 1973 at 9:30 a. m.; the offense was recorded as "probation check" and the stated reason for release was "probation completed." The date and time of release entered were January 12, 1973 at 9:30 a. m. A space for "remarks" reflected the entry: "attempted felony theft # 92803 Louisiana probationer." According to Cron, the two fingerprints on State's Exhibit No. 45 were identical to those recently taken by him from the appellant.

█ When the State offered the exhibit into evidence, appellant objected on the ground, among others, that appellant's identity had not been established as that of the person convicted in Louisiana as reflected by the records contained in State's Exhibit No. 41.[4] This objection was overruled, and Deputy Cron was permitted to affirm the fact that this defendant's fingerprints appeared on the jail card would mean "that he was checked in and checked out of jail on the . . . case number [which] appears" on Exhibit No. 45.

The State then offered State's Exhibit No. 41, the *Louisiana records of conviction*, into evidence. Appellant objected on all previously stated grounds "and further .2 . . to no identification." This objection was overruled and the prosecutor explained the import of the exhibit to the jury.

Now appellant complains that the trial court erred in overruling his objection to the admissibility of State's Exhibit No. 41, and alleged out of state conviction, because there was insufficient evidence to identify the appellant as being the person named and convicted in Exhibit No. 41.

This Court has approved several different means by which it may be proved that a defendant is the person previously convicted. They include: (1) Testimony of a witness who personally knows the defendant and the fact of his prior conviction and identifies him; *Ward v. State*, 505 S.W.2d 832 (Tex.Cr.App.1974); *Jones v. State*, 500 S.W.2d 661 (Tex.Cr.App.1973); *Vasquez v. State*, 491 S.W.2d 173 (Tex.Cr.App.1974); See also *Smith v. State*, 489 S.W.2d 920 (Tex.Cr.App.1973); and *Cain v. State*, 468 S.W.2d 856 (Tex.Cr.App.1971); (2) Stipulation or judicial admission of the defendant that he has been so convicted; *Garza v. State*, 548 S.W.2d 55 (Tex.Cr.App.1977); *Bolin v. State*, 475 S.W.2d 241 (Tex.Cr.App. 1971); *Blake v. State*, 468 S.W.2d 400 (Tex. Cr.App.1971); See also *Smith v. State*, supra, and *Cain v. State*, supra; (3) Introduction of certified copies of the judgment and sentence and record of the Texas Department of Corrections or a county jail *including* fingerprints of the accused supported by expert testimony identifying them with known prints of the defendant; *Rios v. State*, 557 S.W.2d 87 (Tex.Cr.App.1977); *Bullard v. State*, 548 S.W.2d 13 (Tex.Cr. App.1977); *Alvarez v. State*, 536 S.W.2d 357 (Tex.Cr.App.1976); *Blake v. State*, supra;

---

**3.** The record reflects that Deputy Cron's testimony sufficiently established the predicate for admitting the jail card as a business record. See Art. 3737e, V.A.T.C.S.; n.6, infra.

**4.** Pre-trial appellant filed an instrument entitled "Motion to Instruct State's Counsel Concerning Extraneous Transactions and Offenses" which requested the court to rule on the admissibility of any extraneous transaction constituting an offense outside the presence of the jury. This *Motion* specifically alleged that "the identity of the defendant *must be proved* . . . before *it is admissible.*"

In a *sub rosa* hearing preceding the penalty phase, appellant objected to the use of the jail card on the ground that no link between appel-

lant's recorded arrest in Dallas County and the Louisiana conviction had been established, and requested the court to require the State "to prove identification outside the presence of the jury first before prejudicing [the] jury with putting records [of the Louisiana conviction] into evidence that they cannot possibly identify."

The trial court responded that the admissibility of the exhibit would be determined upon its introduction before the jury. The trial court *ultimately ruled State's Exhibit No. 45 admitted* "for the record only." There can be no doubt that the instant ground of error was preserved for review. *Zillender v. State*, 557 S.W.2d 515 (Tex.Cr.App.1977).

*Cleveland v. State*, 493 S.W.2d 145 (Tex.Cr. App.1973); *Babcock v. State*, 473 S.W.2d 941 (Tex.Cr.App.1971); *Vessels v. State*, 432 S.W.2d 108 (Tex.Cr.App.1968); See also *Smith v. State*, supra, and *Cain v. State*, supra; and (4) Comparison by the fact finder of a record of conviction which contains photographs and a detailed physical description of the named person, with the appearance of the defendant, present in court. *Gollin v. State*, 554 S.W.2d 683 (Tex.Cr.App. 1977).

■ In support of its opposition to appellant's ground of error, the State cites *Babcock v. State*, 473 S.W.2d 941 (Tex.Cr.App. 1971) and *Jones v. State*, 500 S.W.2d 661 (Tex.Cr.App.1973), but both are inapposite. In *Babcock*, supra, the fingerprints compared with those recently taken from the accused *accompanied* the authenticated penitentiary record reflecting a prior conviction. Likewise, in *Jones*, supra, the Sheriff's Office jail card used to identify the accused as the person convicted in a certain cause's judgment, docket sheet and motion to revoke probation brought forth by a Deputy District Clerk from official records in her custody, were *both* from official Harris County records. In addition, a Harris County Assistant District Attorney identified appellant as the same person against whom he had filed the referenced motion to revoke probation. Furthermore, this Court determined that the reliability of the jail card was shown not only by the testimony of the Deputy Sheriff, but also by notations in the docket sheet which corroborated the facts of appellant's arrest on a certain day

pursuant to the motion to revoke, as well as setting of a bond for the probationer. A search of our cases reveals that fingerprints which have been used to provide independent identification of a person convicted have invariably been *a part of the record of conviction*, obtained from the *same* governmental entity.[5]

However, the State argues that because both the jail card and Louisiana Parish records exhibits met the requirements for admission of either the Business Records Act (Art. 3737e, V.A.T.C.S.) or the Official Records Act (Art. 3731a, V.A.T.C.S.), the reflection by both exhibits of an identical cause number provides sufficient connection between appellant and the Louisiana conviction to admit the latter as part of the former's "prior criminal record." We disagree.

We accept the truth of the matters asserted in the jail card (Exhibit 45) because it was admitted by the trial court as an exception to the prohibition against hearsay evidence; however, we find no matter asserted within the exhibit which supplies verification that the person—identified as appellant by Cron's expert testimony—who was both booked in and out of the Dallas County Jail at 9:30 a. m. on January 24, 1973 pursuant to a "probation check" was the same person actually convicted of theft and placed on probation in Caddo Parish, Louisiana on September 22, 1972, in Cause No. 92,803. See *Rose v. State*, 507 S.W.2d 547 (Tex.Cr.App.1974). Therefore, because of the exhibit's failure to establish appellant's identity, it had no relevance[6] to the

5. See e. g., *Rios v. State*, 557 S.W.2d 87 (Tex. Cr.App.1977); *Alvarez v. State*, 536 S.W.2d 357 (Tex.Cr.App.1976); *West v. State*, 511 S.W.2d 502 (Tex.Cr.App.1974); *Cleveland v. State*, 493 S.W.2d 145 (Tex.Cr.App.1973); *Speights v. State*, 499 S.W.2d 119 (Tex.Cr.App.1973); *Rascon v. State*, 496 S.W.2d 99 (Tex.Cr.App.1973); *Jones v. State*, 482 S.W.2d 634 (Tex.Cr.App. 1972); *Emerson v. State*, 476 S.W.2d 686 (Tex. Cr.App.1972); *Blake v. State*, supra; *Babcock v. State*, supra; *Villareal v. State*, 468 S.W.2d 837 (Tex.Cr.App.1971), [wherein "prison packets" used]; and *Bullard v. State*, supra; *Coronado v. State*, 508 S.W.2d 373 (Tex.Cr.App. 1974); *Anderson v. State*, 504 S.W.2d 507 (Tex. Cr.App.1974); *Jones v. State*, 500 S.W.2d 661

(Tex.Cr.App.1973) [wherein county records used].

6. Art. 3731a, Section 2, provides in pertinent part:

"Any written instrument which is permitted or required by law to be made, filed, kept or recorded . . . by an officer or clerk of . . . another state . . . or of any governmental subdivision of . . . the foregoing, or by his deputy or employee; . . . in the performance of the functions of his office, shall, *so far as relevant*, be admitted in the courts of this State as evidence of the matter stated therein . . . ." [Emphasis supplied].

proceeding and was inadmissible. *Mullins v. State*, 492 S.W.2d 277 (Tex.Cr.App.1973).

The State wholly failed to show by independent testimony that appellant was the identical person convicted in Louisiana in 1972 and the admission of State's Exhibit 41 was error. *Bullard v. State*, 533 S.W.2d 812 (Tex.Cr.App.1976); *Rose v. State*, supra; *Chaney v. State*, 494 S.W.2d 813 (Tex.Cr. App.1973); *Vessels v. State*, supra.

According to the uncontradicted statement of appellant, which was the only direct evidence of the murder, he had met his co-defendant, Robert Robinson, for the first time earlier on the day of the murder, and had agreed to meet with him later. Appellant accompanied Robinson on what appellant claimed he thought was a trip to sell the murder victim "some pills." At the scene of the murder, after receiving $100.00 from the deceased, Robinson held a sawed off shotgun on him and ordered him to lie down on the ground. Robinson shot the victim in the back of the head then looked at appellant and asked "aren't [you] going to shoot him?" and handed appellant a .38 revolver. Appellant shot the victim twice with the pistol. Appellant and Robinson had left when Robinson discovered the wood stock to the shotgun was missing. The two men returned and Robinson said the victim "is still breathing." Robinson reloaded the shotgun and again shot the victim in the back of the head; he reloaded the shotgun and said to appellant, "here, you shoot him." Appellant stated that he then shot the victim in the back of the head and he and Robinson fled the scene. The last paragraph of appellant's statement read:

"After I read the statement I told the officer that it was true but I would not sign the statement until I explained in

the statement why I did it [sic] the explanation is that the reason that I shot the deceased is because I thought if I didn't Robert would kill me."

An Assistant Medical Examiner for Dallas County, Dr. Ross Zumwalt, testified that in his opinion any of the shotgun wounds to the deceased's head would have, of and by itself, caused the death of the deceased under any definition of death. It was Dr. Zumwalt's further opinion that neither of the .38 pistol wounds caused the death of the victim.

Appellant's first trial in this cause resulted in a mistrial when the jury was unable to reach a verdict. Under these facts, we cannot say that evidence of appellant's guilt was overwhelming.

At the punishment phase of appellant's retrial the State introduced one other prior conviction for unlawfully carrying a prohibited weapon, a club, for which appellant received a sentence of one day in jail plus court costs. The State also elicited bad reputation testimony from two Dallas police officers, both of whom admitted in the presence of the jury that their information had been partially obtained from the Chief Prosecuting Attorney in the instant case. The State produced nothing more, and during their deliberation on punishment, the jury sent the following request to the court:

We the jury would like to have all of the new evidence. By new evidence, we mean copies of the two previous convictions.

 Under these circumstances, we cannot conclude that the jury did not consider the improvidently admitted Louisiana conviction in assessing appellant's punishment, beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824,

Art. 3737e, Section 1, provides:

"A memorandum or record of an act, event or condition shall, *insofar as relevant*, be competent evidence of the occurrence of the act or event or the existence of the condition if the judge finds that:

(a) It was made in the regular course of business;

(b) It was the regular course of business for an employee or representative of such business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record;

(c) It was made at or near the time of the act, event or condition or reasonably soon thereafter."

17 L.Ed.2d 705 (1967). Though the error relates only to punishment, the jury, and not the trial court, assessed it. Therefore, the Court of Criminal Appeals is without authority to direct a new hearing before a different jury on the issue of punishment alone. *Bullard v. State,* 548 S.W.2d 13 (Tex.Cr.App.1977); *Hickman v. State,* 548 S.W.2d 736 (Tex.Cr.App.1977).

The cause is reversed and remanded to the trial court for a new trial.

DALLY, Judge, dissenting.

State's Exhibit No. 41 was offered at the punishment phase of the trial to prove appellant's prior criminal record pursuant to the provisions of Art. 37.07, Sec. 3, V.A.C. C.P. Whether State's Exhibit No. 41 was properly admitted in evidence depends on whether there is sufficient evidence to prove that the appellant was the same person convicted in Louisiana.

State's Exhibit No. 41 includes exemplified copies of an information and court minutes. That Exhibit evidences that a person by the name of Neil Douglas Daniel, in Cause No. 92,803, was convicted on his plea of guilty for the offense of theft of property of a value in excess of $100 and less than $500, in the First District Court of Caddo Parish, Louisiana, on September 22, 1972. Daniel was granted probation.

State's Exhibit No. 45 was admitted as a business record of the Dallas County Jail. It is dated January 12, 1973. This business record was made when a person by the name of Neil Douglas Daniel was arrested and held in the Dallas County Jail. This jail card states that Neil Douglas Daniel was a "Louisiana Probationer" who had been convicted in Cause No. 92,803 for the offense of attempted felony theft; it states he had completed his probation and was released. This business record bears the fingerprints of Neil Douglas Daniel. The fingerprints which appear on State's Exhibit No. 45 are identical to those of the appellant as proved by the testimony of an expert witness during the trial of the instant case.

Although this evidence may not be as strong and complete as the evidence in the numerous cases cited in the majority opinion, I would hold that the identical cause number, name, and offense found in both exhibits were sufficient to show that the appellant was the same person convicted of the offense in Louisiana, and the trial court properly admitted in evidence State's Exhibit No. 41 to prove the prior conviction of the appellant in Louisiana.

I dissent to the reversal of the judgment.