NUMBER 13-99-702-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________ 


GILBERT ALANIZ , Appellant, 



v.

 
THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 


On appeal from the 105th District Court

of Kleberg County, Texas.

__________________________________________________________________ 



O P I N I O N

Before Justices Hinojosa, Chavez, and Rodriguez

Opinion by Justice Rodriguez

 

 A jury found Gilbert Alaniz, appellant, guilty of felony driving while intoxicated,(1) and assessed punishment at twelve
years confinement and a fine of $3,000. On appeal, appellant challenges the legal and factual sufficiency of the evidence
that he committed two prior DWI convictions. He also contends the trial court erred in allowing copies of the two
judgments of conviction into evidence. We reform the judgment and reverse and remand for a new trial as to punishment. 

 Appellant was involved in an automobile accident in Kingsville, Texas on April 24, 1999. He was arrested after failing a
field sobriety test and charged by indictment with driving while intoxicated as a third degree felony, supported by two prior
DWI convictions. At trial, the court admitted certified copies of two judgments of conviction dated July 24, 1990 and May
13, 1991 from the Kleberg County Court at Law. The judgments find the defendant guilty of driving while intoxicated, and
name Gilbert Alaniz as the defendant. The judgments also contain fingerprints of the defendant. 

 Appellant objected to admission of the judgments on the basis that the State failed to lay the predicate that the defendant in
the present cause was the same defendant in the other two judgments. The court overruled the objection and admitted the
judgments. After entry of judgment in the present case, appellant filed a motion for new trial, which was overruled by
operation of law. Appellant timely filed a notice of appeal and submitted a brief to this Court. The State did not furnish
this Court with a brief. 

 By his first issue, appellant complains there is legally and factually insufficient evidence that he had two prior convictions
for driving while intoxicated. Specifically, appellant asserts there is no evidence or insufficient evidence that the Gilbert
Alaniz named in the two prior judgments is the same individual prosecuted in this cause. 

 In a legal sufficiency review, we view the evidence in a light most favorable to the verdict to determine whether a rational
trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 318 (1979);Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). Sufficiency of the evidence is measured
by the elements of the offense as defined by the "hypothetically correct jury charge for the case." Malik v. State, 953
S.W.2d 234, 340 (Tex. Crim. App. 1997); Cano v. State, 3 S.W.3d 99, 105 (Tex. App.--Corpus Christi 1999, no pet.). 

 The offense of driving while intoxicated under section 49.04 of the penal code is a Class B misdemeanor, unless the person
has been convicted of two prior DWI offenses. See Tex. Pen. Code Ann. § 49.04(b) (Vernon Supp. 2000). In that case, the
offense may be elevated to a third degree felony. See Tex. Pen. Code Ann. § 49.09(b) (Vernon Supp. 2000). When prior
convictions are used to elevate a misdemeanor DWI offense to a felony, the State must prove the prior convictions beyond
a reasonable doubt. See id.; Barfield v. State, 999 S.W.2d 23, 25 (Tex. App.--Houston [14 Dist.] 1999, no pet.); see also
Littles v. State, 726 S.W.2d 26, 28 (Tex. Crim. App. 1984) (for statutes authorizing enhanced punishment for multiple
convictions, "[t]he State has the burden of proof concerning the prior convictions alleged for the purpose of enhancement of
punishment and the standard of proof is beyond a reasonable doubt"). 

 Certified copies of a judgment and sentence are admissible, and may be used to prove prior convictions. See Tex. R. Evid.
901(b)(7);Beck v. State, 719 S.W.2d 205, 210 (Tex. Crim. App.1986); Smith v. State, 998 S.W.2d 683, 687 (Tex.
App.-Corpus Christi 1999, no pet.). The certified copies of the judgment standing alone, however, are insufficient to prove
the prior conviction. See Beck, 719 S.W.2d at 210;Smith, 998 S.W.2d at 687. The State must go forward with independent
evidence that the defendant is the same person named in the previous conviction. See Beck, 719 S.W.2d at 210; Smith, 998
S.W.2d at 687. 

 The court of criminal appeals has recognized several means of proving prior convictions, including: 

 (1) testimony of a witness who personally knows the defendant and the fact of his prior conviction and identifies him; 



 (2) stipulation or judicial admission of the defendant that he has been so convicted; 



 (3) introduction of certified copies of the judgment, sentence, and record of the Texas Department of Corrections or a
county jail including fingerprints of the accused supported by expert testimony identifying them with known prints of the
defendant; or 



 (4) comparison by the fact finder of a record of conviction which contains photographs and a detailed physical description
of the named person, with the appearance of the defendant, present in court. 



 Daniel v. State, 585 S.W.2d 688, 690-91 (Tex. Crim. App.1979) (citations omitted). These methods, of course, are not
exclusive. See Littles, 726 S.W.2d at 28. 

 In this case, the only evidence connecting appellant to the prior convictions is the certified copies of the judgments of
conviction. The State attempted to question a witness about a fingerprint card taken at the time of appellant's arrest in order
to link appellant to the prior judgments. However, before the witness could compare any prints, appellant objected that the
State had failed to lay the proper predicate for the fingerprint card and that the witness was not qualified as a fingerprint
expert. Thereafter, the court listened to the parties' arguments and heard the witness's testimony outside the presence of the
jury. The court refused to allow the fingerprint card into evidence, concluding the State had not laid a proper predicate.
The court also ruled there would be no testimony comparing the fingerprints on the certified copies of the judgments with
the fingerprint card, which had not been admitted into evidence. Consequently, the witness did not link appellant to the
certified copies of the two prior judgments. The State offered and the court admitted the two prior judgments of conviction
into evidence. The State did not, however, provide independent evidence that appellant was the same person named in the
previous two convictions. There is legally insufficient evidence that appellant committed two prior driving while
intoxicated offenses. See Beck, 719 S.W.2d at 210. We sustain appellant's first issue. 

 There is, however, sufficient proof to support a conviction for the lesser included offense of misdemeanor driving while
intoxicated, and the court's charge authorized a conviction for this lesser included offense. The jury necessarily found
appellant guilty of misdemeanor driving while intoxicated when it found him guilty of felony driving while intoxicated. 

 Accordingly, we REFORM the judgment of the trial court to show a conviction for driving while intoxicated, first offense.
See Tex. Pen. Code Ann. § 49.04 (Vernon Supp. 2000) (driving while intoxicated is a Class B misdemeanor); Bigley v.
State, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993) (intermediate courts of appeals have authority to reform conviction to
lesser-included offense). We REVERSE the portion of the judgment assessing punishment and REMAND the case for a
new trial as to punishment. See Tex. Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp. 2000). 

NELDA V. RODRIGUEZ 

Justice 



Do not publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this 3rd day of August, 2000. 

1. See Tex. Pen. Code Ann. §§ 49.04, 49.09(b) (Vernon Supp. 2000) (ordinarily, driving while intoxicated is a Class B
misdemeanor; however, if two prior offenses are shown relating to operation of motor vehicle while intoxicated, "the
offense is a felony of the third degree").