11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Henry Clay
Mitchell

Appellant

Vs.      
            No. 11-01-00237-CR  -- 
Appeal from Dallas County

State of Texas

Appellee

 

The jury
convicted Henry Clay Mitchell of the offense of possession of less than one
gram of cocaine and assessed his punishment at confinement for 12 years and a
fine of $1,000.  We affirm. 

In his
first point, appellant contends that the trial court erred in denying his
motion to suppress.  Specifically,
appellant urges that the cocaine should have been suppressed because it was
discovered as a result of an Aunlawful pretext traffic stop without probable cause.@   

The record
shows that appellant filed a written pretrial motion to suppress and that the
trial court carried the motion into the trial on the merits.  However, when the State offered the cocaine
into evidence, appellant=s attorney replied: ANo objections.@  After the State rested, appellant=s attorney re-urged the motion to
suppress.  The trial court denied the
motion.  When a party affirmatively
states that he has no objection to the introduction of certain evidence, he
waives his challenge to the admissibility of that evidence.  Moody v. State, 827 S.W.2d 875, 889
(Tex.Cr.App.), cert. den=d, 506 U.S. 839
(1992).  Appellant has failed to
preserve his complaint for appellate review.








Moreover,
the trial court did not abuse its discretion in denying the motion to
suppress.  See Carmouche v. State, 10
S.W.3d 323 (Tex.Cr.App.2000); Guzman v. State, 955 S.W.2d 85, 87
(Tex.Cr.App.1997).  The pretext doctrine
that appellant relies on has been abandoned. 
A police officer=s subjective intent in initiating a traffic stop is irrelevant; the
stop need only be objectively justifiable. 
Whren v. United States, 517 U.S. 806, 812 (1996); Garcia v. State, 827
S.W.2d 937, 943-44 (Tex.Cr.App.1992). 
The record in this case shows that the traffic stop was valid and that
the subsequent seizure of the cocaine was proper under the circumstances.  Officer Jason Reynolds stopped appellant for
failing to wear his seat belt.  Then, when
appellant failed to produce a driver=s license and proof of insurance, the officer asked him to step out of
the car.  Officer Reynolds testified
that, during the stop, he had trouble understanding what appellant was saying
because appellant was kind of mumbling. 
Officer Reynolds then noticed what appeared to be crack cocaine underneath
appellant=s tongue. 
Appellant refused to spit the object out of his mouth, and he began
trying to chew it up and swallow it. 
Officer Reynolds used a lateral vascular neck restraint to keep
appellant from swallowing the cocaine and to force him to spit it out of his
mouth.  The cocaine was properly
admitted into evidence.  The first point
of error is overruled. 

In his
second point, appellant argues that the trial court erred by admitting State=s Exhibit No. 6 into evidence during the
punishment phase of trial.  This exhibit
was a certified copy of a prior conviction in Cause No. AF91-00777-UN,@ including a judgment showing that appellant had been convicted of the
offense of possession of cocaine and sentenced to two years confinement.  Appellant contends that this judgment was
inadmissible because State=s Exhibit No. 5, appellant=s jail card, did not show a final conviction for that offense.  However, State=s Exhibit No. 6 itself reflected that appellant had been convicted of
the offense.  Appellant=s fingerprints were compared by an expert who
testified that they matched the prints found on State=s Exhibit No. 4, a pen packet containing a
conviction for another offense, and the prints found on State=s Exhibit No. 5, the jail card or buff card
that was completed when appellant was booked into jail for Cause No. AF9100777.@  We hold that appellant=s prior convictions were properly established
and that the trial court did not err in admitting State=s Exhibit No. 6 into evidence.  See Beck v. State, 719 S.W.2d 205, 209
(Tex.Cr.App.1986); Daniel v. State, 585 S.W.2d 688, 690 (Tex.Cr.App.1979).  The second point of error is overruled.  

The
judgment of the trial court is affirmed. 


 

August 1, 2002                                                             W. G. ARNOT, III

Do not publish.  See
TEX.R.APP.P. 47.3(b).                CHIEF
JUSTICE 

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J.