NUMBER 13-02-119-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI-EDINBURG


 


GORDON KIRK KEMPPAINEN, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 




On appeal from the 36th District Court of San Patricio County, Texas.


 


O P I N I O N



Before Chief Justice Valdez and Justices Yañez and Castillo


Opinion by Justice Yañez






Appellant, Gordon Kirk Kemppainen, was indicted for the felony of theft of property between $1,500 and $20,000 in value. (1) 
Appellant pled not guilty. On January 16, 2002, the jury found Appellant guilty of the lesser included offense of misdemeanor
theft. (2) On January 28, the trial court assessed punishment at one year in jail, probated for two years of community supervision and
restitution of $1,000. By two points of error, appellant challenges the legal and factual sufficiency of the evidence. We affirm.

Background

In late September or early October of 2001, appellant was hired by Ms. Doris Patrick to level a house she owned across the street
from her residence in Taft, Texas. Appellant alleges that there was a dispute over the amount of the down payment for the work; 
however, appellant accepted $2,000 from Patrick to begin the job. Appellant worked on the project periodically, then stopped
working altogether, leaving the project unfinished. Appellant alleges that he tried in vain to contact Patrick to tell her he had done as
much as he could do for the initial $2,000. Yet, Patrick and her neighbor, who had referred her to appellant, testified that they tried
to contact appellant, but to no avail. As a result, Patrick called the authorities, and a warrant was served on appellant.

Applicable Law

Section 31.03(a) of the Texas Penal Code provides that a person commits the offense of theft by unlawfully
appropriating property with the intent to deprive the owner of such property. See Tex. Pen. Code Ann. § 31.03(a) (Vernon
1994 and Supp. 2002); Ellis v. State, 877 S.W.2d 380, 382 (Tex. App.-Houston [1st. Dist.] 1994, pet. ref'd). Under the penal
code, appropriation is unlawful if it is without the owner's effective consent. See Tex. Pen. Code Ann. § 31.03(b)(1) (Vernon
1994 and Supp. 2002); Ellis, 877 S.W.2d at 382. Consent is not effective if induced by deception. See Tex. Pen. Code Ann. 

§ 31.01(3)(a) (Vernon 1994 and Supp. 2002); Ellis, 877 S.W.2d at 382.

In his first and second points of error, appellant contends that the evidence is legally and factually insufficient to prove the element of
deception. We disagree.

Standard of Review

Claims of legal insufficiency of evidence are reviewed by examining the evidence in the light most favorable to the
verdict and determining whether any rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). As for a review of factual sufficiency, the
appellate court must review all of the evidence in a neutral light and set aside the verdict only if the evidence is so weak
as to be clearly wrong and manifestly unjust, or if the adverse finding is against the great weight and preponderance of
the available evidence. See Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

Analysis

First, appellant argues that the State failed to produce any evidence that would establish that he intended to deceive Patrick at the
time the agreement was reached. However, appellant's criminal intent may be inferred from the surrounding circumstances. Ellis,
877 S.W.2d at 383; Coronado v. State, 508 S.W.2d 373, 374 (Tex. Crim. App. 1974).

Here, the evidence presented revealed that appellant did some preparation work, by removing the skirt of the house to expose the
underneath, and then never returned to Patrick's house. Patrick, her neighbor, and the police all claim they attempted to contact
appellant with no success. After reviewing the record in a light most favorable to the verdict, we hold that the evidence was
sufficient to support the conviction. See Ellis, 877 S.W.2d at 383. A rational juror could have found that appellant had no intention
of fulfilling his obligations, since he never did so, and that his promises to Patrick were merely a ruse to accomplish theft by
deception. See Ellis, 877 S.W.2d at 383. We overrule appellant's first point of error.

Second, appellant argues that the jury's verdict is against the great weight of the evidence, and the evidence is so weak as to be
clearly wrong and unjust. This factual sufficiency challenge is undermined by the appellant's disappearance. The jury was free to
disregard appellant's testimony regarding his efforts to contact Patrick and conclude he did just enough work to avoid suspicion, and
then disappeared as soon as he could with no intent to finish the job. After reviewing the evidence in a neutral light, we hold that
there is enough evidence to support that appellant intended to deceive Patrick. See Johnson, 23 S.W.3d at 11. Thus, appellant's
second point of error is also overruled.

The trial court's judgment is affirmed.


 

LINDA REYNA YAÑEZ

Justice




Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

3rd day of October, 2002.

1. Tex. Pen. Code Ann. § 31.03(e)(4)(A) (Vernon 1994 and Supp. 2002).
2. Tex. Pen. Code Ann. § 31.03(e)(3) (Vernon 1994 and Supp. 2002).