Jack **SPEIGHTS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46390.

Court of Criminal Appeals of Texas.

Sept. 25, 1973.

120

Henry S. Coltzer, Galveston, for appellant.

Jules Damiani, Jr., Dist Atty., Ronald Wilson and Norman Stevens, Asst. Dist. Attys., Galveston, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

The offense is felony theft; the punishment, enhanced under Article 63, Vernon's Ann.P.C., life.

By his fifth ground of error appellant challenges the sufficiency of the evidence. This ground of error will be considered first.

The record reflects that appellant went into "The Fair" Department Store in Galveston at approximately 12:00 A.M. on the 24th of June, 1971. Tom Wilburn, the Assistant Manager of the store, testified that appellant walked up to the men's suit rack and removed four suits from it. Wilburn then stated that after appellant had started walking very fast toward the door, he stopped him and asked him if he had a sales slip. The appellant then ran out of the store with the suits and fled in a 1963 green Valiant that was waiting on the parking lot. Two other state witnesses, who were just coming into the store, positively identified appellant as the man they saw run out of the store carrying four suits.

Officer Jay Bertothy testified that he heard on his radio, shortly after noon on the 24th of June, 1971, a call to stop a 1963 Plymouth Valiant with license number NZH 277 and a description of the occupants. Bertothy stopped at Vic's Paint and Body Shop, at 25th and Strand Avenue, when he observed the described car parked near it and a man fitting the description of the driver standing in front of the body shop. Upon entering the shop, Bertothy saw appellant run up the stairs onto the roof. Bertothy next saw two new suits lying on the desk in the office of the shop. Appellant was later apprehended from the roof of the shop.

Victor Castro, the owner of Vic's Paint and Body Shop, testified that the appellant dropped the suits in his office and then ran outside. Castro denied that he was going to buy the suits from appellant.

The evidence is sufficient to support the verdict.

Next, appellant contends that the trial court erred in admitting State's Exhibit No. 7 into evidence over his objection. State's Exhibit No. 7 purports to be a certified copy of the judgment and sentence in Cause No. 28,991, styled The State of Texas vs. Jack T. Speights. Appellant complains that this exhibit was not admissible because it was not in fact a duly authenticated or attested certified copy of such judgment in accordance with Article 3731a of Vernon's Ann. Civil Statutes because the certificate at the foot thereof was incorrectly made out and executed. The certification appears in the following form:

"THE STATE OF TEXAS

COUNTY OF GALVESTON

"I, Jack T. Speights, Clerk of the District Court in and for the County of Galveston, Texas, do hereby certify that the above and foregoing is a true and correct copy of a certain judgment and sentence rendered by the District Court for the Tenth Judicial District, for Galveston County, Texas, on the 9th day of October, A.D., 1962, entitled the State of Texas as plaintiff and Jacks T. Speights as defendant, and entered on the Criminal Minutes of said Court on page 301 of Criminal Minute Book No. 34, of said Court.

"WITNESS my official signature and seal of the said District Court, at office in Galveston, Texas, this the 9th day of June, 1971.

> (s)   V. J. BENINATI, Jr.,
> Clerk, District Court, Galveston
> County, Texas.

> By: (s) Anita Reyder, Chief Deputy
> Anita Reyder"

It is apparent the appellant's name was typed in the space provided for the name of the District Clerk.

Appellant waived any objection to the obvious typographical error in State's Exhibit No. 7 by failing to object on this ground at the time it was admitted. Even so, the typographical error complained of was harmless and did not prejudice appellant because State's Exhibit No. 6 contained a copy of the original judgment and sentence which had the Districts Clerk's name on the certificate.

Appellant also complains that there is no certification in such certificate to the effect that the clerk of such court, whoever he may be, was the legal custodian of such writing as required by Section 4 of Article 3731a, supra.

Section 4 of Article 3731a, provides:

"Such writings may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy. *Except in the case of a copy of an official writing from a public office of this State or a subdivision thereof,* the attestation shall be accompanied with a certificate that the attending officer has the legal custody of such writing." (Emphasis Supplied.)

Thus, we conclude that no such certification was required. Furthermore, the state, through the use of the testimony of a fingerprint expert who related that appellant's fingerprints contained in State's Exhibits Nos. 2 and 3 (prison packet) were identical with the fingerprints he had taken from appellant, properly used the method of proof of prior convictions alleged for enhancement long ago approved by this court. See, e. g., Jones v. State, 470 S.W. 2d 874 (Tex.Cr.App.1971); Blake v. State, 468 S.W.2d 400 (Tex.Cr.App.1971).

Appellant also contends that the trial court erred in refusing to include in the charge to the jury a charge on misdemeanor theft. Wilburn testified that the original price of each suit was $90.00 and that on the 24th of June, 1971, each of the suits recovered had been marked down to $59.50 and that the fair market value of the two suits not recovered was $60.00 each. A charge on misdemeanor theft was not required because the evidence did not raise the issue of misdemeanor theft. See Cruz v. State, 494 S.W.2d 564 (Tex.Cr. App.1973); Stephens v. State, 377 S.W.2d 189 (Tex.Cr.App.1964) cert. denied, 380 U.S. 980, 85 S.Ct. 1344, 14 L.Ed.2d 274; Childs v. State, 376 S.W.2d 575 (Tex.Cr. App.1964); McCoy v. State, 170 Tex.Cr.R. 468, 342 S.W.2d 311 (Tex.Cr.App.1961).

Another contention is that the trial court erred in overruling objection to the charge on punishment including any reference to the indeterminate sentence law or any term that appellant would have to serve. The trial court in its charge on punishment to the jury included the following paragraph:

"During your deliberations, you are not to consider or discuss the Indeterminate Sentence Law, or the possible actions of the Board of Pardons and Paroles, or how long the Defendant will be required to serve the punishment which you assess."

The contention is without merit. No written objection to the charge was made, as required by Article 36.14, Vernon's Ann.C.C.P. Even if appellant had preserved his objection in writing, there would still be no error by the inclusion of the paragraph in question because it is entirely improper to discuss the result of a punishment that is absolutely fixed by law. See O'Dell v. State, 467 S.W.2d 444 (Tex. Cr.App.1971).

The next ground of error complains of the trial court's refusal to grant an amended special plea in bar with reference to former jeopardy. Appellant was originally indicted under Cause No. 31,436, for felony theft, with two prior convictions alleged for enhancement. The jury was sworn in and impaneled and the state announced ready. Appellant entered a plea of not guilty to the indictment in Cause

No. 31,436. After the prosecutor had made an introductory statement, one of the jurors approached the bench and stated that she knew one of the witnesses in the case and that this witness had made certain comments to her in connection with the case. A hearing was then held in the judge's chambers with this juror. After discussing the matter with the juror, appellant's defense counsel asked for a mistrial and made a motion to quash paragraph 3 of the indictment. Appellant's motion to quash was based on the fact that paragraph 3 of the indictment failed to allege that appellant had been duly and legally convicted in Cause No. 28,991 (the first cause alleged for enhancement) and was therefore fatally defective. The trial court at this point took the motion under advisement. The judge asked the appellant at this time if he wanted a mistrial, to which the appellant himself replied "Yes." A mistrial was declared and appellant was subsequently reindicted in Cause No. 31,504 for felony theft with two prior convictions alleged for enhancement.[1] Appellant on appeal contends that his mere consent to a mistrial standing alone without the joinder of counsel is not a sufficient basis to deny the attachment of jeopardy and that the trial court was under a duty to inquire into the totality of the circumstances surrounding the consent.

The Supreme Court in United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L. Ed.2d 543, (1971), in addressing itself to this question, stated:

"Thus, where circumstances develop not attributable to prosecutorial or judicial overreaching, a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error."

The interests of the public in seeing that a criminal prosecution proceeds to verdict, either by an acquittal or conviction, need not be forsaken by the formulation or application of rigid rules that necessarily preclude the vindication of that interest. Illinois v. Sommerville, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973).

Under the present record, we conclude that the trial court did inquire into the circumstances surrounding appellant's consent. We also conclude that appellant's consent under the situation existing at the time the mistrial was declared bars his claim of double jeopardy. See Lott v. State, 480 S.W.2d 743 (Tex.Cr.App.1972); De Young v. State, 160 Tex.Cr.R. 628, 274 S.W.2d 406 (Tex.Cr.App.1954).

Appellant, by pro se brief, raises numerous grounds of error. The brief has been reviewed and the contentions therein found to be completely without merit and not supported by the record.

Finding no reversible error, the judgment is affirmed.

---

1. It should be pointed out that appellant asked for a mistrial over the objection of his counsel and that counsel for appellant in Cause No. 31,436 was different from his counsel in Cause No. 31,504.