Paul BUSH, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–81–0044–CR.

Court of Appeals of Texas,
Amarillo.

Feb. 16, 1982.

Discretionary Review Refused
May 26, 1982.

George Harwood, Amarillo, for appellant.

Danny E. Hill, Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C. J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant Paul Bush was convicted by a jury of attempting to obtain possession of a controlled substance by misrepresentation, deception and subterfuge in violation of the Controlled Substances Act, Tex.Rev.Civ. Stat.Ann. art. 4476–15 § 4.09(a)(3) (Vernon Supp.1982), [hereinafter referred to as the Controlled Substances Act]. Punishment was assessed at life imprisonment after a jury found the enhancement portions of the indictment to be true. We affirm the judgment of conviction.

On February 26, 1980, appellant presented pharmacist Bill Cooper with a prescription for Preludin, a brand name for phenmetrazine, a controlled substance. The prescription was allegedly written by Dr. Rich-ard Archer. Cooper, suspicious of the prescription because of its form, refused to fill it. Appellant then left the premises, taking the form with him. The pharmacist telephoned the police, who arrived at the scene with a group of photographs. From these photographs, Cooper identified appellant as the person who had presented to him the prescription.

By his first ground of error, appellant asserts section 4.09(a)(3) of the Controlled Substances Act is unconstitutionally vague and uncertain because the statute contains no definition of the word "attempt." He alleges, therefore, that the indictment failed to provide him with adequate notice of the charge against him, rendering it fatally defective.

Section 4.09(a)(3) provides: "It is unlawful for any person knowingly or intentionally ... to acquire, obtain, or *attempt* to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge...." (Emphasis added). As originally adopted, section 4.09(a)(3) did not contain an "attempt" provision. In *Moore v. State*, 545 S.W.2d 140, 142 (Tex.Cr.App.1976), the court held the attempt provision of the Penal Code, Tex.Penal Code Ann. § 15.01 (Vernon Supp. 1982), did not apply to the Controlled Substances Act and, since the act at that time did not classify attempt to obtain a controlled substance as an offense, there was no such offense. In 1979, the legislature, in an obvious effort to remedy this omission, amended section 4.09(a)(3) to include the present language.

■ It is axiomatic that a statute susceptible of more than one construction will be interpreted to effect the legislative intent, and so that it will be constitutional. *Alobaidi v. State*, 433 S.W.2d 440, 442 (Tex. Cr.App.), *cert. denied*, 393 U.S. 943, 89 S.Ct. 313, 21 L.Ed.2d 281 (1968). It is also a cardinal rule of statutory construction that when words are not defined, then the words employed are ordinarily given their plain meaning, without regard to the distinction usually made between the construction of penal laws and laws on other subjects, un-

less the act clearly shows that they were used in some other sense. *Campos v. State,* 623 S.W.2d 657, 658 (Tex.Cr.App.1981). Further, the Code Construction Act, Tex. Rev.Civ.Stat.Ann. art. 5429b–2, § 2.01 (Vernon Supp.1982), provides that "words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

■ In *Ex Parte Frye,* 143 Tex.Cr.R. 9, 156 S.W.2d 531 (1941), the Court of Criminal Appeals defined an attempt to commit crime as "an endeavor to accomplish a crime carried beyond mere preparation, but falling short of the ultimate design in any part of it. It has also been defined as an intent to do a thing, coupled with an act which falls short of the thing intended." *Id.,* at 536. The rules of statutory construction and the Code Construction Act require that "attempt" be construed according to the definition provided us by our court of superior jurisdiction. Therefore, we hold the statute is sufficiently certain to provide a reasonable person of ordinary and average intelligence with adequate notice of the conduct prohibited therein and does meet constitutionally required standards of fair notice sufficient to comply with due process requirements.

Our conclusion here is reinforced by the Court of Criminal Appeals' decision in *Ex Parte Holbrook,* 609 S.W.2d 541, 542 (Tex. Cr.App.1980). In that case, the court held the criminal attempt provisions of section 4.09(a)(3) sufficient to state a violation, although the indictment was insufficient in other respects. Ground of error one is overruled.

■ In ground of error two, appellant asserts error in not scheduling, after request, a pre-trial hearing with at least seventeen days prior notice to appellant and his counsel, the effect of which, he says, was to deprive him of the effective assistance of counsel. He argues that the revision in 1979 of Article 28.01, section 2, Tex.

Code Crim.Pro.Ann. (Vernon Supp.1982) [hereinafter referred to as section 2] removed any discretion of the trial court in setting pre-trial hearings upon request. We disagree.

Prior to the 1979 amendment, the pertinent part of section 2 read as follows:

*When* a criminal case is set for such pre-trial hearing, the defendant shall have five days after notice of setting in which to file his motions, pleadings and exceptions; and any such preliminary matters not raised and filed within the time allowed will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown.... (Emphasis added).

The 1979 amendment changed the pertinent part of the section to read thusly:

*When* a criminal case is set for such pre-trial hearing, any such preliminary matters not raised or filed seven days before the hearing will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown; provided that the defendant shall have sufficient notice of such hearing to allow him not less than 10 days in which to raise or file such preliminary matters.... (Emphasis added):

In *Cantu v. State,* 546 S.W.2d 621 (Tex. Cr.App.1977), the Court of Criminal Appeals held that the provisions of section 2, as it existed prior to 1979, were not mandatory but were directed to the court's discretion. Our examination of the changes in section 2 reveals nothing tending to alter this interpretation. The legislature's retention of the word "when" in the amended version makes it apparent that the changes were procedural in nature, coming into play only *if the court exercised its discretion* and did set a pre-trial hearing. Nothing in this record indicates any abuse of discretion by the trial court in choosing not to set a pre-trial hearing under section 2. Appellant's ground of error two is overruled.

In ground three, error is asserted on the part of the trial court in overruling appellant's motion to quash the indictment be-

cause "it fails to state with sufficient certainty the nature of the offense and thus did not give appellant adequate notice of the charges against him." The questioned indictment, in material part, alleges that appellant, on or about the 26th day of February, 1980, did

> then and there knowingly and intentionally attempt to obtain possession of a controlled substance, to-wit: phenmetrazine, from Bill Cooper, a pharmacist, by misrepresentation, deception, and subterfuge by representing to Bill Cooper, a pharmacist, that he, the defendant, had a prescription from Dr. Richard Archer, a physician, who did not issue such prescription nor authorize such prescription.

■ Appellant argues that, since the prescription is not set out in *haec verba* and the indictment contains only a general allusion to the prescription, it does not meet the level of certainty required by Articles 21.04 and 21.11, Tex.Code Crim.Pro.Ann. (Vernon 1966). He acknowledges the indictment tracks the language of the statute. The well established general rule is that an indictment which tracks the statutory language proscribing certain conduct is sufficient to charge a criminal offense. *Clark v. State,* 577 S.W.2d 238, 240 (Tex.Cr.App. 1979). Only if the manner or means of doing an act makes otherwise innocent conduct a criminal offense must facts showing the offensive manner and means be alleged. *Posey v. State,* 545 S.W.2d 162, 163 (Tex.Cr. App.1977). *Terry v. State,* 471 S.W.2d 848 (Tex.Cr.App.1977), cited by appellant, is such a case. In *Terry* the charge was placing and causing to be placed on individual packages of cigarettes a *counterfeit* tax stamp. Thus, the nature of the stamp was central to the offense and the court properly held it should have been more explicitly alleged.

■ The effect of the Controlled Substances Act is, unless specifically authorized, to proscribe every possession or attempt by fraudulent means to obtain possession of a controlled substance. The gravamen of this offense, therefore, is the *attempt* to obtain possession of a controlled substance.

Thus, once the State alleges an attempt was made to obtain possession by misrepresentation or otherwise, an offense is charged and neither the purport nor tenor of the forged prescription used is necessary to allege the offense. *Ex Parte Holbrook, supra.* Ground of error three is overruled.

■ By ground of error four, appellant alleges the prosecutor improperly questioned a state's witness concerning the possibility of selling the drug Preludin. The court promptly sustained the appellant's objection, before an answer was given, and instructed the jury to disregard the question. We have reviewed the record and hold that any prejudicial effect of the questions was cured by the court's instruction to disregard. Moreover, the questions complained of were not so inherently prejudicial as to suggest the impossibility of withdrawing the impression created in the juror's minds. *Ayers v. State,* 606 S.W.2d 936, 941 (Tex.Cr.App.1980); *Maddox v. State,* 591 S.W.2d 898, 903 (Tex.Cr.App.1979). Ground of error four is overruled.

■ Appellant next contends there exists a fatal variance in the indictment allegation that the pharmacist's name was Bill Cooper and proof presented which showed his name to be William F. Cooper. The pharmacist testified on direct examination that his name was William F. Cooper. However, Officer Robertson testified that he knew *Bill* Cooper, that he saw him on the date in question, that *Bill* Cooper was the individual with whom he talked about the indictment in question, both on the telephone and at his place of business and that *Bill* Cooper was the individual who identified appellant. This testimony, together with Mr. Cooper's testimony as to his conversation with appellant and actions with the police, corresponded to Officer Robertson's testimony, and was amply sufficient to justify the jury in concluding William F. and Bill Cooper to be one and the same. *Roach v. State,* 586 S.W.2d 866, 868 (Tex.Cr.App.1979). Appellant's ground of error five is overruled.

The judgment of conviction is affirmed.