Armstrong-K v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-072-CR

     KENNETH ARMSTRONG,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 278th District Court
Walker County, Texas
Trial Court # 16,833-C
                                                                                                    

O P I N I O N
                                                                                                    

      This is an appeal by Appellant Armstrong, an inmate in the penitentiary, from his conviction
for aggravated assault on a correctional officer for which he was assessed twenty years in the
Institutional Division of the Texas Department of Criminal Justice, stacked on his current
sentence.
      On August 16, 1991, Appellant, an inmate, threw an unknown liquid substance in the eyes
of Kevin Macha, a correctional officer who was conducting a routine security check. Macha
suffered severe pain and stinging in his eyes and had to be treated at the prison infirmary.
      Appellant appeals on six points of error.
      Point one asserts that the trial court erred in the consideration and admission, at the
punishment stage of trial, of testimony related to unindicted extraneous offenses allegedly
committed by defendant.
      The trial court admitted evidence at the punishment stage that Appellant had thrown urine in
the face of another prison guard; that a weapon had been taken from Appellant; and that Appellant
had contraband taken from his cell on another occasion. These offenses were unadjudicated and
not related to the charge in the indictment.
      Unadjudicated and specific acts of misconduct are not admissible in the sentencing stage of
a non-capital trial. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon 19 ); Blackwell v.
State, (Tex. App.—Waco) 818 S.W.2d 134, 141; Greenfield v. State, No. 1037-91 (Tex. Crim.
App. October 28, 1992), affirming Greenfield v. State, (Tex. App.—Dallas) 813 S.W.2d 158;
Hunter v. State, No. 1092-91 (Tex. Crim. App. ). Point one is sustained.
      Point two asserts that the trial court erred in the admission of hearsay at the punishment stage
through Exhibit 10, an unsigned purported copy of a judgment, which deprived defendant of his
right to a confrontation by witnesses under the Sixth Amendment to the U.S. Constitution.
      Exhibit 10 was a part of the pen packet which reflected Appellant had been convicted of
burglary in Cass County in 1988 and was assessed eight years in the Texas Department of
Corrections. The judgment was stamped, "Original signed by Jack Carter, Judge, Fifth Judicial
District," and the entire exhibit was certified by the Deputy District Clerk.
      It is well-settled that the attestation of a district clerk of a county upon a copy of a judgment
or sentence received and filed by that district clerk alone, is sufficient to render such document
admissible into evidence for the truth of the matters stated therein. Todd v. State, (Tex. Crim.
App.) 598 S.W.2d 286, 292; Speights v. State, (Tex. Crim. App.) 499 S.W.2d 119. Point two
is overruled.
      Point three asserts that the trial court erred in the denial of the motion to quash the indictment
because the indictment did not meet the notice requirements of Article 2, Section 10 of the Texas
Constitution.
      Appellant was charged in the indictment of allegedly violating Sec. 22.02 of the Texas Penal
Code in that he " . . . did then and there intentionally and knowingly cause bodily injury to Kevin
Macha by throwing an unknown liquid substance in said Kevin Macha's eyes . . . ." Appellant
complains the indictment was faulty because it failed to state what the liquid substance was.
      The indictment tracks Sec. 22.02 of the Penal Code. An indictment that follows the language
of the statute is sufficient to allege the offense charged. Bush v. State, (Tex. App.—Amarillo) 628
S.W.2d 270, 273; Clark v. State, (Tex. Crim. App.) 577 S.W.2d 238, 240. Point three is
overruled.
      Point four asserts that there is insufficient evidence to sustain the verdict.
      In reviewing the sufficiency of the evidence to support a conviction, the evidence must be
viewed in the light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of an offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307; Butler v. State, (Tex. Crim. App.) 769 S.W.2d 234.
      On August 16, 1991, while Appellant was confined to his cell, Kevin Macha, a correctional
officer, passed the cell conducting a routine security check. Appellant threw an unknown liquid
into Macha's eyes, nose, mouth, face, shoulders, chest and back. Macha suffered severe pain and
stinging in his eyes and had to be treated by the prison infirmary. The evidence is ample and
sufficient to sustain the verdict. Point three is overruled.
      Point five asserts that Appellant's stacked twenty-year sentence constitutes cruel and unusual
punishment under the Eighth Amendment of the U.S. Constitution. The range of punishment for
Appellant's conviction is two to twenty years if enhancement is proved. The court found the
enhancement count to be true and assessed the twenty years sentence. The sentence is within the
range of punishment and it was within the trial court's discretion to pronounce such a cumulative
sentence. Solomon v. State, (Tex. App.—Austin) 645 S.W.2d 648, 652. Point five is overruled.
      Point six asserts Appellant was denied due process of law upon denial of his motion for a
change of venue. Article 31.03 of the Texas Code of Criminal Procedure states in pertinent part:
(a)A change of venue may be granted in any felony case for either of the following
causes . . .
(1)That there exists in the county where the prosecution is commenced so great a
prejudice against him that he cannot obtain a fair and impartial trial; and
(2)That there is a dangerous combination against him instigated by influential
persons, by reason of which he cannot expect a fair trial.
Appellant failed to demonstrate any particularized prejudice against him or that there was a
combination of influential persons against him. Point six is without merit and is overruled.
      The judgment of conviction is affirmed. The sustaining of point one requires that Appellant's
punishment be set and aside and that this case be remanded to the trial court for a new punishment
hearing and resentencing under Article 44.29, Vernon's Annotated Code of Criminal Procedure. 
Under this view of the case, points two and five additionally become moot.
      Affirmed as to guilt. Reversed and remanded as to punishment.
 
                                                                                     FRANK G. McDONALD
                                                                                     Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed in part; reversed and remanded in part
Opinion delivered and filed February 3, 1993
Do not publish