In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00265-CR
______________________________


ALVIN DEWAYNE STRONG, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 282nd Judicial District Court
Dallas County, Texas
Trial Court No. F-0534442-WS


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Alvin Dewayne Strong appeals from his conviction for theft of two grinders and a generator
owned by Chad Bewley. Five indictments were tried together. Strong pled guilty to the charges
pursuant to a negotiated plea agreement and was placed on five years' community supervision. The
trial court revoked Strong's community supervision and sentenced Strong to two years'
imprisonment. The cases have been appealed separately.
Â Â Â Â Â Â Â Â Â Â Â Â Because the briefs and arguments raised therein are identical in all five appeals, for the
reasons stated in Alvin Dewayne Strong v. The State of Texas, cause number 06-05-00261-CR, we
likewise resolve the issues in this appeal in favor of the State.
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the judgment of the trial court.



Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â April 10, 2006
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â June 6, 2006

Do Not Publish



d="false" Name="Colorful List"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No.
06-11-00130-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
RE:Â  ZAKEE KALEEM ABDULLAH

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Original
Mandamus Proceeding

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before
Morriss, C.J., Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum
Opinion by Justice Moseley

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUMÂ 
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Zakee Kaleem Abdullah, a/k/a Robert
White, has filed a petition for writ of mandamus requesting this Court to order
the Honorable Leon Pesek, Jr., presiding judge of the 202nd Judicial District
Court in Bowie County, Âto exercise its judicial authority and prohibit any
further proceedings relating to official misconduct.ÂÂ  Abdullah alleges two of the StateÂs witnesses
in a criminal case awaiting trial have committed perjury and the trial court
has refused to hold a pretrial hearing, has refused to give him ten daysÂ
notice of a pretrial hearing, refused to require the State to elect between two
pending indictments, and refused to abate the criminal trial pending the issuance
of mandate on his pending appeal.Â  

Â Â Â Â Â Â Â Â Â Â Â  To be entitled to mandamus relief, a
relator must show that he has no adequate remedy at law to redress the alleged
harm and that he seeks to compel a ministerial act, not involving a
discretionary or judicial decision. Â State ex rel. Young v. Sixth Judicial Dist.
Court of Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007)
(orig. proceeding). Â An act is
ministerial if it constitutes a duty clearly fixed and required by law.Â  State
ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig.
proceeding).

Â Â Â Â Â Â Â Â Â Â Â  AbdullahÂs petition does not meet
the requirements of the Texas Rules of Appellate Procedure.Â  While the petition does contain an appendix,
the appendix does not include Âa certified or sworn copy of any order
complained of, or any other document showing the matter complained of.ÂÂ  See
Tex. R. App. P. 52.3(k)(1)(A). Â The appendix does not contain AbdullahÂs
motion for a pretrial hearing[1]
and does not contain a copy of the indictments or a document in which Abdullah
requested an election between the two indictments.Â  

Â Â Â Â Â Â Â Â Â Â Â  Without an adequate record, we are
unable to determine whether Abdullah is entitled to relief.Â  It is the relatorÂs burden to provide this
Court with a sufficient record to establish his right to mandamus relief. Â Walker
v. Packer, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); In re PilgrimÂs Pride Corp., 187 S.W.3d
197, 198Â99 (Tex. App.ÂTexarkana 2006, orig. proceeding); see Tex. R. App. P.
52.3.Â  Abdullah has failed to provide an
adequate record to establish his right to mandamus relief.Â  See In
re Lopez, No. 04-07-00314-CV, 2007 Tex. App. LEXIS 3739 (Tex. App.ÂSan
Antonio May 16, 2007, orig. proceeding) (mem. op.) (relator, who failed to file
motion requesting pretrial hearing, failed to provide adequate record
establishing his right to mandamus relief).

Â Â Â Â Â Â Â Â Â Â Â  Abdullah also complains the trial
court has acted while Âappellate review stage is still in progress and no
mandate returned.ÂÂ  Again, Abdullah has
failed to provide this Court with a record establishing the trial court is
proceeding to trial or that appeals are pending.[2]Â  See
Tex. R. App. P. 52.3(k)(1)(A).Â  The record does not indicate a stay has been
granted or even requested.Â  Further,
Abdullah has failed to provide this Court with appropriate citations to
authority.Â  We take judicial notice that
Abdullah has appealed two pretrial denials of applications for writs of habeas
corpus to this Court and this Court has affirmed the trial courtÂs denials.Â  See Ex
parte Abdullah, No. 06-11-00043-CR, 2011 Tex. App. LEXIS 4299 (Tex.
App.ÂTexarkana June 7, 2011, pet. filed) (mem. op.); Ex parte Abdullah, No. 06-11-00044-CR, 2011 Tex. App. LEXIS 4297
(Tex. App.ÂTexarkana June 7, 2011, pet. filed) (mem. op.).Â  We also note Abdullah has sought review by
the Texas Court of Criminal Appeals.Â 
Abdullah, though, has not directed this Court to any authority that a
pretrial writ of habeas corpus entitles him to an automatic stay of the trial
courtÂs proceedings.Â  Nor are we aware of
any authority that a pretrial writ of habeas corpus that does not involve
double jeopardy claims[3]
would automatically stay proceedings in the trial court.Â  Abdullah has failed to provide this Court
with Âappropriate citations to authorities . . . .ÂÂ  Tex.
R. App. P. 52.3(h).

Â Â Â Â Â Â Â Â Â Â Â  In addition to the deficiencies
discussed above, the petition also does not certify that a copy was served on
the respondent or the real party. Â See Tex.
R. App. P. 9.5.

Â Â Â Â Â Â Â Â Â Â Â  For the reasons stated, we deny
AbdullahÂs petition for writ of mandamus.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Bailey
C. Moseley

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date
Submitted:Â Â Â Â Â Â Â Â Â  July 5, 2011

Date
Decided:Â Â Â Â Â Â Â Â Â Â Â Â  July 6, 2011

Â 

Do
Not Publish











[1]We
note that Article 28.01 grants the trial court discretion to decide certain
matters prior to trial, but does not require pretrial hearings even when a
hearing is requested by a defendant.Â  See Tex.
Code Crim. Proc. Ann. art. 28.01 (West 2006); Bush v. State, 628 S.W.2d 270, 272 (Tex. App.ÂAmarillo 1982, pet.
refÂd).

Â 





[2]We
note that Abdullah states in the petition that the trial court set his case for
trial on July 11 or 12.Â  The appendix
does not contain any certified documents specifying a trial setting.





[3]We
note the Fort Worth Court of Appeals has suggested such a right may exist when
the pretrial writ of habeas corpus involves double jeopardy claims.Â  See
Trimboli v. MacLean, 735 S.W.2d 953, 954 (Tex. App.ÂÂFort Worth 1987, orig.
proceeding); cf. Ex parte Moore, 695
S.W.2d 715, 716 (Tex. App.ÂAustin 1985, habeas proceeding) (ordering stay
pending review by appellate court).