

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00130-CR

_____


## IN RE:   ZAKEE KALEEM ABDULLAH


Original Mandamus Proceeding


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Zakee Kaleem Abdullah, a/k/a Robert White, has filed a petition for writ of mandamus requesting this Court to order the Honorable Leon Pesek, Jr., presiding judge of the 202nd Judicial District Court in Bowie County, "to exercise its judicial authority and prohibit any further proceedings relating to official misconduct." Abdullah alleges two of the State's witnesses in a criminal case awaiting trial have committed perjury and the trial court has refused to hold a pretrial hearing, has refused to give him ten days' notice of a pretrial hearing, refused to require the State to elect between two pending indictments, and refused to abate the criminal trial pending the issuance of mandate on his pending appeal.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress the alleged harm and that he seeks to compel a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). An act is ministerial if it constitutes a duty clearly fixed and required by law. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding).

Abdullah's petition does not meet the requirements of the Texas Rules of Appellate Procedure. While the petition does contain an appendix, the appendix does not include "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." *See* TEX. R. APP. P. 52.3(k)(1)(A). The appendix does not contain Abdullah's

2

motion for a pretrial hearing[1] and does not contain a copy of the indictments or a document in which Abdullah requested an election between the two indictments.

Without an adequate record, we are unable to determine whether Abdullah is entitled to relief. It is the relator's burden to provide this Court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3. Abdullah has failed to provide an adequate record to establish his right to mandamus relief. *See In re Lopez*, No. 04-07-00314-CV, 2007 Tex. App. LEXIS 3739 (Tex. App.—San Antonio May 16, 2007, orig. proceeding) (mem. op.) (relator, who failed to file motion requesting pretrial hearing, failed to provide adequate record establishing his right to mandamus relief).

Abdullah also complains the trial court has acted while "appellate review stage is still in progress and no mandate returned." Again, Abdullah has failed to provide this Court with a record establishing the trial court is proceeding to trial or that appeals are pending.[2] *See* TEX. R. APP. P. 52.3(k)(1)(A). The record does not indicate a stay has been granted or even requested. Further, Abdullah has failed to provide this Court with appropriate citations to authority. We take

---

[1] We note that Article 28.01 grants the trial court discretion to decide certain matters prior to trial, but does not require pretrial hearings even when a hearing is requested by a defendant. *See* TEX. CODE CRIM. PROC. ANN. art. 28.01 (West 2006); *Bush v. State*, 628 S.W.2d 270, 272 (Tex. App.—Amarillo 1982, pet. ref'd).

[2] We note that Abdullah states in the petition that the trial court set his case for trial on July 11 or 12. The appendix does not contain any certified documents specifying a trial setting.

judicial notice that Abdullah has appealed two pretrial denials of applications for writs of habeas corpus to this Court and this Court has affirmed the trial court's denials. *See Ex parte Abdullah*, No. 06-11-00043-CR, 2011 Tex. App. LEXIS 4299 (Tex. App.—Texarkana June 7, 2011, pet. filed) (mem. op.); *Ex parte Abdullah*, No. 06-11-00044-CR, 2011 Tex. App. LEXIS 4297 (Tex. App.—Texarkana June 7, 2011, pet. filed) (mem. op.). We also note Abdullah has sought review by the Texas Court of Criminal Appeals. Abdullah, though, has not directed this Court to any authority that a pretrial writ of habeas corpus entitles him to an automatic stay of the trial court's proceedings. Nor are we aware of any authority that a pretrial writ of habeas corpus that does not involve double jeopardy claims[3] would automatically stay proceedings in the trial court. Abdullah has failed to provide this Court with "appropriate citations to authorities . . . ." TEX. R. APP. P. 52.3(h).

In addition to the deficiencies discussed above, the petition also does not certify that a copy was served on the respondent or the real party. *See* TEX. R. APP. P. 9.5.

For the reasons stated, we deny Abdullah's petition for writ of mandamus.

Bailey C. Moseley
Justice

Date Submitted: July 5, 2011

---

[3]We note the Fort Worth Court of Appeals has suggested such a right may exist when the pretrial writ of habeas corpus involves double jeopardy claims. *See Trimboli v. MacLean*, 735 S.W.2d 953, 954 (Tex. App.—Fort Worth 1987, orig. proceeding); *cf. Ex parte Moore*, 695 S.W.2d 715, 716 (Tex. App.—Austin 1985, habeas proceeding) (ordering stay pending review by appellate court).

Date Decided:          July 6, 2011

Do Not Publish