**Jim Carol BRUNT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–95–151 CR.**

Court of Appeals of Texas, Beaumont.

Submitted June 27, 1996.

Decided Aug. 28, 1996.

John R. Heath, Heath, Garrett & James, Nacogdoches, for appellant.

Clyde M. Herrington, Dist. Atty., Lufkin, for State.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

Jim Carol Brunt was convicted by a jury of theft, enhanced by a prior conviction of theft by false pretext and sentenced by the court to twenty year's confinement in the Institutional Division of the Texas Department of Criminal Justice.

The victim of the theft, Stella Sturrock, is an 86–year old widow and cousin of appellant. Sturrock's life savings were in a certificate of deposit (CD). The interest from the CD, along with social security payments, provided her income. Sturrock confided in appellant her concern about the low rate of interest on her CD to which he suggested she purchase an annuity. Appellant told Sturrock her age prevented such a purchase but it could be put in his name. Sturrock eventually agreed to purchase the annuity in appellant's name. Appellant set up a meeting with Larry Miller, an insurance salesman.

At the meeting, appellant and Sturrock told Miller they wished to place her funds in an annuity in appellant's name. Both Sturrock and Miller testified she did not intend to make a gift to appellant. Sturrock intended the interest from the annuity to go to her and the principal to remain intact for her beneficiaries. Sturrock was to remain the owner of the principal.

In December of 1992, Sturrock withdrew $30,000 from her CD, at a substantial penalty, and gave it to Miller to purchase the annuity. On June 4, 1993, Sturrock contributed another $30,000 into the annuity. In July, August and September of 1993, appellant endorsed the interest checks from the annuity over to Sturrock as agreed upon.

In September of 1993, Miller learned withdrawals were being made from the annuity, triggering a penalty. Miller contacted Sturrock, who was unaware of the withdrawals, and appellant. Appellant told Miller it was not any of his business and that he had a place he would do better with the funds. Miller informed appellant quite a sum of principal had been lost due to the withdrawals. Appellant then removed Miller as the agent of record; Miller received no further information about the account.

Appellant withdrew funds in the amounts of:

$ 6,500 on July 22, 1993;

$ 8,000 on August 19, 1993;

$ 8,500 on August 31, 1993;

$ 13,500 on September 14, 1993; and

$ 6,500 on October 5, 1993.

Most of these funds were placed in appellant's personal bank account. With the exception of the three interest checks totaling $ 462.93, Sturrock never received any funds from the annuity nor any benefit from the expenditure of the withdrawn funds.

In his sole point of error, appellant claims "there was insufficient evidence to convict because appellant was, at the time of the thefts, as alleged in the indictment and submitted in the court's charge, the owner of the annuity, from which the funds were alleged

to have been acquired." Specifically, appellant argues the State failed to prove beyond a reasonable doubt Sturrock was the "owner" of the funds when they were withdrawn.

In reviewing the sufficiency of the evidence, we determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Rabbani v. State,* 847 S.W.2d 555, 558 (Tex.Crim. App.1992), *cert. denied,* 509 U.S. 926, 113 S.Ct. 3047, 125 L.Ed.2d 731 (1993). This is true whether the evidence is direct or circumstantial. *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991).

A person commits theft if he unlawfully appropriates property with intent to deprive the owner of the property. Tex. Penal Code Ann. § 31.03(a) (Vernon 1989). Appropriation of property is unlawful if it is without the owner's effective consent. *Id.* § 31.03(b)(1). Consent is not effective if induced by deception. *Id.* § 31.01(4)(A). Deception means "promising performance that is likely to affect the judgment of another in the transaction and that the actor does not intend to perform or knows will not be performed...." *Id.* § 31.01(2)(E).

Appellant's argument hinges upon the fact that at the time of the withdrawals the annuity was in his name. Appellant misunderstands the theft statute. If Sturrock's decision to purchase the annuity in appellant's name was a result of appellant's promise of performance that he did not intend to perform, Sturrock's consent was induced by deception and therefore not effective. If Sturrock's consent was not effective, the property was appropriated unlawfully. And the unlawful appropriation of property, with intent to deprive the owner, is theft. The State, therefore, was not required to prove Sturrock was the owner at the time of the withdrawals. Rather, the State's burden was to prove beyond a reasonable doubt appellant acquired Sturrock's funds without her effective consent and with intent to deprive her of the property.

From the evidence detailed above, the jury could have found appellant intended to deprive Sturrock of her life savings before the annuity was set up, that he talked her into placing the funds in the annuity in his name through deception (specifically his promise to forward the interest payments on the annuity to her while the principal remained hers) and therefore without her effective consent. The record supports the jury's verdict. A rational trier of fact could have found beyond a reasonable doubt appellant acquired Sturrock's money without her effective consent. *See Ellis v. State,* 877 S.W.2d 380, 383 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd). Appellant's criminal intent may be inferred from the surrounding circumstances. *Id.* citing *Coronado v. State,* 508 S.W.2d 373, 374 (Tex.Crim.App.1974). We find there was sufficient evidence from which any rational trier of fact could have found appellant acquired Sturrock's funds without her effective consent and with intent to deprive her of the property. Appellant's single point of error is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.